**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JUAN CARLOS JADAN ORTEGA,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–11610–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Juan Carlos Jadan Ortega's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (*Id.* ¶ 1.) He entered the United States in 2021. (*Id.*)

2. On April 12, 2026, petitioner was arrested and charged with shoplifting, N.J.S.A. 2C:20–11(b)(1). (ECF No. 4–1 pp. 4, 5.) The charge was remanded to municipal court, where petitioner pleaded guilty and received a conditional dismissal on August 19, 2026. (ECF No. 6–1 p. 1.)

3. The Department of Homeland Security (Department) arrested petitioner on September 8, 2026. (ECF No. 1 ¶ 38.)

4. Petition argues in his Petition that he is being illegally detained pursuant to 8 U.S.C. §1225(b). (*Id.* ¶ 8.)

5. On September 25, 2026, respondents filed a letter stating that petitioner was given the opportunity to have a bond hearing but ultimately withdrew the request. (ECF No. 6 p. 1; ECF No. 6–2 p. 1.)

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7. "Respondents unquestionably possess the authority to detain noncitizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

8. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

9. Petitioner had the opportunity for a bond hearing but withdrew his request on September 15, 2026. (ECF No. 6–2 p. 1.)

10. That is his right, but "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

11. It would not be futile to require exhaustion. Courts in the Third Circuit have excused exhaustion in cases in which the United States argues § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *See, e.g., Zheng*, 826 F. Supp. 3d at 553 ("Petitioner was not required to exhaust any administrative remedies before pursuing relief in this Court because … such efforts would be futile."); *Vimos v. Fed. Det. Ctr. Philadelphia*, No. 26–cv–00780, 2026 WL 381173, at *4 (E.D. Pa. Feb. 11, 2026). That is not the case for petitioner.

Accordingly,

**IT IS** on this **28th** day of **September 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**